Argued and submitted March 23, affirmed May 6, reconsideration denied July 2, petition for review denied July 28, 1987 (303 Or 699)

## PORTLAND MOBILE HOME PARK,
*Respondent,*

*v.*

## WOJTYNA,
*Appellant.*

(86F 620 028; CA A41363)

736 P2d 604

Michelle Ryan, Legal Aid Service, Portland, argued the cause and filed the briefs for appellant.

Timothy R. Volpert, Portland, argued the cause for

respondent. With him on the brief was Ragen, Tremaine, Krieger, Schmeer and Neill, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this FED action, defendant tenant appeals a judgment of the trial court terminating her rental agreement with plaintiff mobile home park. We affirm.

On July 19, 1986, plaintiff's manager walked over to defendant's mobile home after receiving a complaint that defendant's 17-year-old son was playing loud music. The son had placed a stereo speaker in a window of the home, facing outward, and was sitting on defendant's car when the manager approached and told him to turn the music down. The son responded by telling the manager that he would hit him if he came onto defendant's rental space. Not heeding the warning, the manager walked over to the mobile home, took the stereo speaker out of the window and disconnected it from the stereo. Defendant's son then hit the manager over the head with a hockey stick.

On July 23, plaintiff notified defendant, who was not at home when the incident occurred, that her rental agreement would be terminated in 24 hours, "because you or someone in your control inflicted substantial personal injury upon the landlord." Plaintiff then commenced this action to recover possession of the property pursuant to ORS 105.105 to 105.165. The case was tried to a jury, which found that the manager had "unlawfully entered" defendant's rental space, but that defendant's son's actions were "outrageous in the extreme" and that he had inflicted or threatened to inflict substantial physical injury on the manager. The jury also found that plaintiff had not terminated defendant's rental agreement in retaliation for her involvement in a local tenants' union or for other incidents involving herself and the manager.

ORS 91.820(3) provides that a landlord may terminate a tenant's rental agreement, after 24 hours written notice specifying the causes, if

"(a)   The tenant, someone in the tenant's control or the tenant's pet seriously threatens immediately to inflict personal injury, or inflicts any substantial personal injury, upon the landlord or other tenants;

"* * * * *

"(d)    The tenant or someone in the tenant's control commits any act which is outrageous in the extreme."

■    Defendant contends that the trial court erred in denying her motion for a directed verdict, which she moved for on the ground that her son was not in her "control" when the altercation occurred, and in striking her ninth affirmative defense, which also raised the issue of "control." However, she concedes that her son is a tenant under the terms of her rental agreement.[1] Accordingly, the rental agreement[2] was subject to termination, whether or not defendant's son was in her control when the incident occurred.[3]

■    Defendant next contends that the trial court erred in excluding evidence that the manager had previously baited another tenant and member of the tenants' union to hit him, saying, "Hit me and then I'll evict you," after threatening her with physical harm. Defendant offered the evidence under OEC 404(3) to show that the manager intended to incite a physical confrontation with her son as part of a retaliatory scheme to evict members of the union. The trial court excluded the evidence after concluding that its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. OEC 403. We conclude that the trial court's decision was within the range of sound judicial discretion.

Affirmed.

---

[1] ORS 91.705(13) provides:

" 'Tenant' means a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others, including a dwelling unit owned, operated or controlled by a public housing authority."

[2] ORS 91.705(11) provides:

" 'Rental agreement' means all agreements, written or oral, and valid rules and regulations adopted under ORS 91.780 embodying the terms and conditions concerning the use and occupancy of a dwelling unit and premises."

[3] Defendant also contends that the manager is not the "landlord," as that term is used in ORS 91.820(3)(a). See ORS 91.705(5). However, she concedes that, because the jury found that her son's actions were "outrageous in the extreme," her rental agreement is subject to termination under ORS 91.820(3)(d), regardless of whether subsection (3)(a) applies.